Matter of Gonzalez (2021 NY Slip Op 01410)





Matter of Gonzalez


2021 NY Slip Op 01410


Decided on March 10, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


2019-13829

[*1]In the Matter of Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Osvaldo J. Gonzalez, respondent. (Attorney Registration No. 1648682)



APPLICATION pursuant to 22 NYCRR 1240.10 by Osvaldo J. Gonzalez, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 14, 1979, under the name Ozzie J. Gonzalez, to resign as an attorney and counselor-at-law. In a separate proceeding under Appellate Division Docket No. 2018-00722, by opinion and order of this Court dated October 10, 2018, the respondent was suspended from the practice of law for a period of three years, commencing November 9, 2018 (see Matter of Gonzalez, 166 AD3d 85).



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for petitioner.
Joseph W. Carbonaro, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, has submitted an affidavit sworn to on December 3, 2019, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges that he is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District involving allegations of professional misconduct. Specifically, the respondent avers that the investigation is in connection with his representation of three clients involving allegations, inter alia, that he failed to act with reasonable diligence and promptness; failed to reasonably consult with his client about the means by which his client's objectives were to be accomplished; failed to keep his clients reasonably informed about the status of their matters; failed to promptly comply with his client's reasonable requests for information; failed to consult with his client about any relevant limitation on his conduct, when he knew that his client was expecting assistance not permitted by these Rules or other law; engaged in conduct prejudicial to the administration of justice; and engaged in conduct that adversely reflects on his fitness to practice law, in violation of rules 1.3(a), 1.4(a)(2), (3), (4), 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct.
The respondent also acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and [*2]counselors-at-law.
The respondent avers that the investigation he is subject to does not include allegations that he willfully misappropriated or misapplied money or property. Notwithstanding, the respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and AUSTIN, JJ., concur.
ORDERED that the application of the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court